```
 1  STEPHANIE YONEKURA
    Acting United States Attorney
 2  LEON W. WEIDMAN
    Assistant United States Attorney
 3  Chief, Civil Division
    ROBERT I. LESTER
 4  Assistant United States Attorney (CBN 116429)
         Federal Building, Suite 7516AA
 5       300 North Los Angeles Street
         Los Angeles, California 90012
 6       Telephone: (213) 894-2464
         Facsimile: (213) 894-5900
 7       E-mail: robert.lester@usdoj.gov

 8  Attorneys for Plaintiff
    United States of America
 9
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CV |
|---|---|
| Plaintiff, | [CR 04-0379-AHM] |
| v. | |
| TIGRAN PETROSYAN, | **NOTICE OF REQUEST AND REQUEST FOR SELECTION OF A UNITED STATES MAGISTRATE JUDGE TO SET A DATE FOR A JUDGMENT DEBTOR EXAMINATION IN A CRIMINAL CASE;** |
| Defendant. | |
| | **APPLICATION FOR ORDER FOR APPEARANCE OF JUDGMENT DEBTOR AND FOR PRODUCTION OF DOCUMENTS;** |
| | **DECLARATION;** |
| | **[PROPOSED] ORDER.** |

Plaintiff United States of America respectfully requests that a United States Magistrate Judge be selected in this matter to set a date for a judgment debtor examination in the subject criminal case, and that the judgment debtor be ordered to produce documents.

On or about June 16, 2006, the Hon. A. Howard Matz sentenced Tigran Petrosyan, issuing a Judgment and Commitment Order ("Judgment") by which Petrosyan was ordered to pay a special assessment of $400.00 and restitution of $2,500,000. A copy of the Judgment is attached to the declaration of Robert I. Lester hereto as Exhibit 1.

As of March 16, 2015, payments of $400.00 have been made toward the special assessment and $1,032,262.00 has been credited toward the satisfaction of Petrosyan's debt, leaving the principal balance of $1,467,738.00 as unpaid restitution. Lester Declaration ¶ 3.

The United States hereby applies for an order requiring Petrosyan (1) to appear between July 27 and July 30, 2015 to provide testimony, under oath, in connection with the enforcement of the Judgment, and (2) to produce to counsel for the United States -- by no later than 15 days before the date set forth in the order setting the judgment debtor examination -- the documents described on the list attached

as Exhibit 2 that are in his possession, custody, or control, pursuant to Fed. R. Civ. P. 69 and California Code of Civil Procedure § 708.110.

    The Judgment Debtor resides in the County of Los Angeles within 150 miles of the place of examination. There has been no previous examination of Petrosyan within the last four months. No bond to stay execution on appeal has been filed on behalf of Petrosyan. Lester Decl. ¶ 4.

Dated: April 23, 2015.    Respectfully submitted,

STEPHANIE YONEKURA
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

/s/ *Robert I. Lester*
ROBERT I. LESTER
Assistant United States Attorney

Attorneys for Plaintiff

## LIST OF DOCUMENTS REQUESTED

Twenty categories of documents are requested, as follows:

1. Bank statements for the past 24 months from all banks, or other financial institutions, where you, or your spouse, have an account of any kind.

2. Business records for the present year and past calendar year which reflects assets, liabilities, gross receipt and expenses for any sole proprietorship, partnership or corporation in which you, or your spouse, own any interest.

3. Bank statements for the past 24 months from all banks or other financial institutions, where any sole proprietorship, partnership, or corporation in which you, or your spouse, own any interest, has an account of any kind.

4. All trust agreements in which you, or your spouse, are named trustor, trustee or beneficiary.

5. All deeds, leases, contracts, and other documents representing any ownership interest you, or your spouse, have in any real property, and all deeds of trust, mortgages, or other documents evidencing encumbrances of any kind on your real property.

6. All stocks, bonds, or other securities of any class you may own, by you separately or jointly with others, including options to purchase any securities.

7. Titles and registration certificates to all motor vehicles, aircraft and watercraft owned by you or your spouse.

8. All life insurance policies in which you are either the insured or the beneficiary.

9. All promissory notes held by you or your spouse, and all other documents evidencing any money owed to you or your spouse either now or in the future.

10. All deeds, bills of sale or other documents prepared or used in connection with any transfer of real property or personal property made by you, either by gift, sales, or otherwise within the last five years.

11. Books of deposit, passbooks or other documents setting forth all deposits or receipts made by you or for your benefit in any savings and loan accounts, certificates of deposit or checking or other bank accounts for the past three years.

12. Books of deposit, cancelled checks, bank statements, check registers and other documents setting forth all disbursements made by you from any savings accounts, savings and loan accounts, certificates of deposit or checking accounts.

13. Copies of all financial statements and loan applications submitted by you within the last five years for the purpose of obtaining credit.

14. Payroll records and records of earnings showing all earnings of and sums received by you for the past three years. Said record is to include salary, bonuses, expense account, automobile reimbursement, and other things of value received by you. Said record should detail each pay period for gross earnings and all deductions from said gross earnings.

15. Documents concerning any income received or receivable by you from any source whatsoever other than current earnings for the past three years.

16. Records of all sums on deposit to your credit in a credit union and/or any company savings account or plan of any type or description.

17. All records and court papers concerning any lawsuits in which you are involved in any manner.

18. Your federal and state income tax returns, including W-2 Forms and supporting schedules, for the past three years.

19. All documents in the possession of under your control tending to establish your monthly expenses for the following: rent, food and household supplies, utilities, telephone, laundry and cleaning, clothing, medical, dental, insurance (life, healthy, accident, etc.), school, entertainment, incidentals, transportation, auto expenses, (insurance, gas, oil, repair, etc.) and installment payments, including cancelled checks showing payments of said charges, any and all bills, receipts, charge account statements and charge account receipts directly relating to said expenditures.

20. All financial statements for yourself, any member of your immediate family, or any business or partnership in which you have any ownership interest, filed or created from during the last five years.

ENTERED
CLERK U.S. DISTRICT COURT
JUN 21 2006
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

P-T-SEN-J
ZNT/J-3

SCANNED

**United States District Court**
**Central District of California**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA vs. | Docket No. | CR04-379(A)-AHM |
| Defendant  Tigran Petrosyan | Social Security No. | 5 3 7 1 |
| akas: Petrosian, Tigran Zhorayenich; Papian, Gigam | (Last 4 digits) | |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 06 | 16 | 06 |

**COUNSEL** [X] WITH COUNSEL    Gregory Nicholaysen, Appointed
(Name of Counsel)

**PLEA** [X] GUILTY, and the court being satisfied that there is a factual basis for the plea. [ ] NOLO CONTENDERE  [ ] NOT GUILTY

**FINDING** There being a finding/verdict of [X] GUILTY, defendant has been convicted as charged of the offense(s) of:

CONSPIRACY in violation of 18 U.S.C. § 371 as charged in count one of the indictment; MAIL FRAUD in violation of 18 U.S.C. § 1341 as charged in count eleven of the superseding indictment; CONSPIRACY TO LAUNDER MONETARY INSTRUMENTS, in violation of 18 U.S.C. § 1956 as charged in count thirty-two of the superseding indictment, LAUNDERING OF MONETARY INSTRUMENTS, in violation of 18 U.S.C. § 1956(h) as charged in count thirty-two of the superseding indictment: LAUNDERING OF MONETARY INSTRUMENTS, in violation of 18 U.S.C. § 1956(a)(1)(A)(i)(2) as charged in count thirty-nine of the superseding indictment.

**JUDGMENT AND PROB/COMM ORDER** The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby placed on probation for a term of:

It is ordered that the defendant shall pay to the United States a special assessment of $400.00, which is due immediately to the Clerk of Court.

It is ordered that the defendant shall pay restitution in the total amount of $2,500,000 pursuant to 18 U.S.C. § 3663 A.

The amount of restitution ordered shall be paid as follows:

| Victim | Amount |
|---|---|
| Department of Conservation, Division of Recycling ATTN: Collections 801 K Street, MS 15-52 Sacramento, California 95814-3533 Re: Docket No. CR04-00379 (Petrosyan) | $2,500,000 |

Restitution shall be due during the period of imprisonment, at the rate of not less then $25.00 per quarter, and pursuant to the Bureau of Prison's Inmate Financial Responsibility Program. If any amount of restitution remains unpaid after release from custody, monthly installments of at least $2000.00, shall be made during the period of supervised release and shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

Pursuant to 18 U.S.C. 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. 3612(g).

630

USA vs. Tigran Petrosyan            Docket No.: CR04-379(A)-AHM

The defendant shall be held jointly and severally liable with co-participant David Mkrtchian (Docket No. CR06-212) and codefendants Errol Segal, Active Recycling Co., Inc., World Wide Recycling Co. Inc., Artur Melikyan, Niver Nazinyan, Matevos Arzumanyan, Arman Balabekyan, Armen Khachatryan for the total amount of restitution ordered in this judgment.

The defendant shall comply with General Order 01-05.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Tigran Petrosyan, is hereby committed on Counts 1, 11, 32 and 39 of the superseding indictment to the custody of the Bureau of Prisons to be imprisoned for a term 66 months. This term consists of 60 months on counts 1 and 11 and 66 months on counts 32 and 39 to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years under the following terms and conditions:

    1) The defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 318;

    2) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

    3) The defendant shall participant in outpatient substance abuse treatment counseling program that includes urinalysis, saliva and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using illicit drugs, alcohol, and abusing prescription medications during the period of supervision;

    4) The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the treatment by the treatment provider, with the approval of the Probation Officer;

    5) As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug dependency/alcohol dependency/psychiatric disorder to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer;

    6) During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;

    7) The defendant shall comply with the rules and regulations of the United States, and if deported from this country, either voluntarily or involuntarily, not reenter the United States illegally. The defendant is not required to report to the Probation Office while residing outside of the United States; however, within 72 hours of release from any custody or any reentry to the United States during the period of court-ordered supervision, the defendant shall report for instructions to the U.S. Probation Office, located at:

    United States Court House
    312 North Spring Street, Room 600
    Los Angeles, California 90012

    8) The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, without the prior written approval of the Probation Officer; further, the defendant shall not use, for any purpose of in any manner, any name other than his true legal name;

    9) The defendant shall not engage, as whole or partial owner, employee or otherwise, in any business involving loan programs, telemarketing activities, investment programs or any other business involving the solicitation of funds or cold-calls to customers without the express approval of the Probation Officer prior to engagement in such employment. Further, the defendant shall provide the Probation Officer with access to any and all business records, client lists and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer;

    10) The defendant shall not be employed in any position that requires licensing and/or certification by any local, state or federal agency without prior approval of the Probation Officer;

    11) As directed by the Probation Officer, the defendant shall apply monies received from income tax refunds, lottery winnings, inheritance, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation;

    12) The defendant shall cooperate in the collection of a DNA sample from the defendant.

| USA vs. Tigran Petrosyan | Docket No.: CR04-379(A)-AHM |
|---|---|

Court explains right of appeal.

The court recommends that defendant be placed in a Southern California institution.

The Government's motion to dismiss remaining counts and underlying Indictment is Granted.

SCANNED

The Court authorizes the Probation Office to disclose the Presentence Report, and/or any previous mental health evaluations or reports, to the treatment provider. The treatment provider may provide any information (excluding the Presentence Report), to State or local social services agencies (such as the State of California, Department of Social Services), for the purpose of the client's rehabilitation.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

6/16/06
Date

A. HOWARD MATZ, U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

6/19/06
Filed Date

By Michele D. Murray
Deputy Clerk

1089

CR-104 (11/04)     JUDGMENT & PROBATION/COMMITMENT ORDER     Page 3 of 6

USA vs. Tigran Petrosyan          Docket No.: CR04-379(A)-AHM

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663©; and
5. Other penalties and costs.

USA vs. Tigran Petrosyan          Docket No.: CR04-379(A)-AHM

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

Date          Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court
By

USA vs. Tigran Petrosyan                                      Docket No.: CR04-379(A)-AHM

_____                    _____
Filed Date                                     Deputy Clerk

SCANNED

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
         Defendant                              Date


_____                    _____
U. S. Probation Officer/Designated Witness     Date

# NOTICE PARTY SERVICE LIST

Case No. CR04-379(A)-AHM    Case Title U.S.A. v. Tigran Petrosyan

Title of Document  Sentencing and Judgment

| | | | |
|---|---|---|---|
| | Atty Sttlmnt Officer Panel Coordinator | | Statistics Clerk |
| | BAP (Bankruptcy Appellate Panel) | | US Attorneys Office - Civil Division -L.A. |
| | Beck, Michael J (Clerk, MDL Panel) | | US Attorneys Office - Civil Division - S.A. |
| ✓ | BOP (Bureau of Prisons) | | US Attorneys Office - Criminal Division -L.A. |
| | CA St Pub Defender (Calif. State PD) | | US Attorneys Office - Criminal Division -S.A. |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | | US Bankruptcy Court |
| • | Case Asgmt Admin (Case Assignment Administrator) | ✓ | US Marshal Service - Los Angeles (USMLA) |
| | | | US Marshal Service - Riverside (USMED) |
| | Catterson, Cathy (9th Circuit Court of Appeal) | | US Marshal Service -Santa Ana (USMSA) |
| | Chief Deputy Admin | ✓ | US Probation Office (USPO) |
| | Chief Deputy Ops | | US Trustee's Office |
| | Clerk of Court | | Warden, San Quentin State Prison, CA |
| | Death Penalty H/C (Law Clerks) | | |
| | Dep In Chg E Div | | |
| | Dep In Chg So Div | | |
| | Federal Public Defender | | |
| ✓ | Fiscal Section | | |
| | Intake Section, Criminal LA | | |
| | Intake Section, Criminal SA | | |
| | Intake Supervisor, Civil | | |
| | Interpreter Section | | |
| | PIA Clerk - Los Angeles (PIALA) | | |
| | PIA Clerk - Riverside (PIAED) | | |
| | PIA Clerk - Santa Ana (PIASA) | | |
| ✓ | PSA - Los Angeles (PSALA) | | |
| | PSA - Riverside (PSAED) | | |
| | PSA - Santa Ana (PSASA) | | |
| | Schnack, Randall (CJA Supervising Attorney) | | |

**ADD NEW NOTICE PARTY**
(if sending by fax, mailing address must also be provided)

Name:

Firm:

Address *(include suite or floor)*:

*E-mail:

*Fax No.:

* For CIVIL cases only

*JUDGE / MAGISTRATE JUDGE (list below):*

Initials of Deputy Clerk

G-75 (01/06)    NOTICE PARTY SERVICE LIST